[Civ. No. 436.    Second Appellate District.—December 20, 1907.]

FRED R. SALTER and AMANDA M. SALTER, Respondents, v. CALIFORNIA CYCLEWAY COMPANY and TITLE INSURANCE AND TRUST COMPANY et al., Appellants.

ACTION TO QUIET TITLE—FEE SUBJECT TO EASEMENTS—BREACH OF CONDITIONS—SUPPORT OF FINDING—JUDGMENT OF FORFEITURE.— In an action to quiet title, and to have easements for a cycleway and viaduct declared forfeited for breach of conditions, *held*, that the title in fee of the one who granted the easements passed from the estate of the deceased grantor by a confirmed sale and deed to plaintiffs' grantor, subject only to the easements, under a fair construction of the deed, order of sale, and inventory, and that the evidence satisfactorily supports a finding that the conditions of the easements were broken by failure to complete the cycleway, or to use it as stipulated in the deed, and that the finding sustains the judgment declaring a forfeiture of the easements and quieting plaintiffs' title as against the same.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.    W. P. James, Judge.

The facts are stated in the opinion of the court.

Porter, Sutton & Cruickshank, for Appellants.

Charles L. Batcheller, McNutt & Hannon, and Walter L. Krug, for Respondents.

ALLEN, P. J.—Action to quiet title and to have certain easements declared forfeited. Judgment for plaintiffs. Defendants appeal from the judgment and from an order denying a new trial.

The first point made on appeal is that plaintiffs did not show title to the property across which the easements were originally granted. We think there is nothing in this point. All parties claim under Andrew Glassell, deceased. Glassell · granted the easements upon the express stipulation that, unless the contemplated bicycle road· and the viaduct referred to should be completed and used within five years from and after the date of the deed, said right of way should revert to the grantor, and if at any time the grantees or their assigns should cease to use the same for the purposes specified for a continuous period of three years, a reverter should result. After the death of Glassell his executors sold to one Rogers a portion of the premises over which the easements extended. Plaintiffs deraign title through Rogers. The sale to Rogers was confirmed by the superior court, and in such order of confirmation and in the appraisement filed by the executors, the property under consideration was described as "7-30/100 acres, being (exc. of 25/100 acres in Cycleway & R. R. R. W.) S. 7-55/100 acres of lot 3," etc. The second tract is described as: "Being part of Tp. 1 S., Rg. 12 W., 1-82/100 acres, being all S. of R. R. R. W. (except 24/100 of an acre in a cycleway) of lot 4, Sec. 6." The deed executed by the executors to Rogers described the property so as to include all of lots 1 and 4 hereinbefore mentioned. This general description was followed by a statement that the said real property was described in the inventory in the manner following. Then follows, so far as affects the property in litigation, a description as in the order of confirmation.

We are of opinion that a fair construction of the deed, order and inventory can only be to read the same as including all of said ground included in the easements, but subject to whatever rights existed under the deeds granting the same; and this intention is evident from the manner of description and nothing therein can be said to amount to a reservation of the fee in the ground over which the easements extended.

There is satisfactory evidence in the record supporting the finding that no part of this cycleway over the premises in

question had been completed; nor had the same ever been used in the manner stipulated in the deed.

The judgment of forfeiture and decree quieting title to the premises were warranted.

We find no error in the record, and the judgment and order are affirmed.

. Shaw, J., and Taggart, J., concurred.